

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Patrick D. Moreland, Commissioner
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. O-3252
Re: Does the addition of two
new partners to Perkins-
Timberlake create a new
employing unit and employer?

We have your request for our opinion as to whether
the admission of R. Mills Tittle and F. H. Bennett to the
partnership of J. J. Perkins and F. P. Timberlake created
a new employing unit and a new employer under Article 5221b-
17(e) and 17(f) (2). Your letter of request furnishes the
following facts:

"'First: On April 1, 1937, the partnership
of Perkins-Timberlake Co. was formed, being com-
posed of J. J. Perkins and F. P. Timberlake.

"'Second: On January 1, 1940, R. Mills
Tittle and F. H. Bennett, who had been employees
of the Perkins-Timberlake Company for a great
number of years, were allowed to purchase an un-
divided 15% interest in and to the partnership.

"'Third: These gentlemen were allowed to be-
come interested in the partnership because of their
long, faithful and efficient service, and there was
no change whatever in the management, policy, or
control of the partnership by reason of their being
taken into same, nor was there any diminishment or
change in liability on the part of the original
partners insofar as employees, the public, the
State or anyone doing business with the partner-
ship was concerned.

"'Fourth: There is no attempt, effort or de-
sire on the part of the partnership to attempt to

create a continuing partnership such as that attempted by Haskins & Sells.'"

The Unemployment Compensation Commission treated the partnership after January 1, 1940, as a new employing unit and employer. You inquire if this holding is correct.

Article 5221b-17 (e), Vernon's Annotated Civil Statutes, reads:

"(e) 'Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this State. . . ."

Section 17 (f) (2) provides:

"(f) (2) 'Employer' means any individual or employing unit which acquired the organization, trade, or business, or substantially all the assets thereof, of another which at the time of such acquisition was an employer subject to this Act;"

In a previous request to this department for an opinion regarding the Haskins-Sells partnership, you advised us that every change in the legal identity of an employing unit was taken in account; that each new employing unit was assigned a new account number; that each employer stands upon its own employment record; and that record cannot be used to benefit any other employer nor can it be charged against any other employer.

The premise that the employment record is chargeable to the individuals and not to the business seems equitable. The persons in control may have established a poor employment record and thus they cannot cast it off by selling or changing their business.

On and after January 1, 1937, there was a partnership composed of J. J. Perkins and F. P. Timberlake; this business was an employing unit and employer under the unemployment compensation act to January 1, 1940. As of January 1, 1940, there was fashioned a partnership composed of J. J. Perkins, F. P. Timberlake, R. Mills Tittle and P. H. Bennett. Admittedly, this was a new partnership. They make no contention that it was a continuing partnership.

The details of acquisition of interest by the new partners may have caused little outward change in the business in question. But, it did enlarge the liability of the firm for it added two individuals against whom the creditors could proceed. Presumably, the partners Perkins and Timberlake received a monetary consideration for the interest in the assets or partnership property. From January 1, 1940, there was legally a new partnership for the addition or withdrawal of a partner or partners dissolves the existing partnership. 32 Tex. Juris, page 464. The new members are not liable for debts of old partnership unless they bind themselves to pay them. First Natl. Bk. v. Perfected Curing & Storage Co., 280 S. W. 737. Successive firms are not the same entity because one or more of the partners may have been in both firms. Morris v. Owens, 143 S. W. 227.

The definition of employing unit, Section 17 (e), supra, is "any individual or type of organization including any partnership. . ."

A new or different partnership is a new employing unit.

Section 17 (f) (2), supra, affords the means for the Commission to tax an employing unit that may change ownership every nineteen weeks in order to evade becoming an "employer," as that term is defined in Article 5221b-17 (f) (1). Under Section 17 (f) (2) the partnership existing after January 1, 1940, would be an employer if it acquired substantially all of the assets of the partnership of J. J. Perkins and F. P. Timberlake.

We enclose a copy of our opinion No. O-1856, issued February 2, 1940, holding that your Commission correctly considered any change in the personnel of a partnership a new partnership and a new employing unit under the Act.

Honorable Patrick D. Moreland, Page 4

The pertinent statutes in that opinion and to this fact situation are the same. This being true, our conclusion is that you have correctly held that subsequent to January 1, 1940, there was a new employing unit and a new employer.

We are mindful of the hardships that often result in this application of the statute. An employer with a good record that takes in a new partner is penalized by having to take the same tax rate as another that had a bad rate. We cannot temper the statute to suit our sense of justice and equity when the legislature has spoken. However, we are advised that there is legislation now pending that would permit the successor to acquire the employment record of its assignor.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Morris Hodges.
Morris Hodges
Assistant

MH:db

Enclosure

MAR 19, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN